■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP CHAPMAN, Appellant.— Order of the Supreme Court, Kings County, dated February 24, 1967 and made on reargument, affirmed insofar as appealed from. No opinion. Appeal from order of said court dated January 3, 1967 dismissed as academic. This order was superseded by and encompassed in the order of February 24, 1967, which granted reargument. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CLAY, Appellant.— Judgment of the County Court, Nassau County, rendered February 20, 1967, reversed, on the law, and new trial granted. The findings of fact below are affirmed. Defendant was convicted of manslaughter in the first degree. On the trial, the main theory of the defense was that defendant stabbed the decedent only after he was struck by a pipe wielded by the decedent. Evidence was introduced to support this theory. The defense requested the court to charge that, if the jury find that the decedent feloniously attacked defendant, defendant was justified in standing his ground and, if necessary, striking his assailant. The trial court refused so to charge, but rather charged the jury that, before someone is justified in killing his assailant, he must retreat if he can do so and thus escape attack. Defendant duly excepted. In our opinion, the charge requested by defendant should have been given. When a person is feloniously attacked by another, he is under no duty to retreat (*People* v. *Ligouri*, 284 N. Y. 309). Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.